O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7848 PSG (FMOx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Aurora Loan Services, LLC v. Lillie Tatum | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:** **(In Chambers) Order REMANDING Case**

On May 10, 2011, Defendant Lillie Tatum ("Defendant") filed a notice of removal of an unlawful detainer action brought by Plaintiff Aurora Loan Services, LLC ("Plaintiff"). After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 73 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7848 PSG (FMOx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Aurora Loan Services, LLC v. Lillie Tatum | | |

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.

Defendant's notice of removal alleges federal question jurisdiction because of Plaintiff's alleged violations of the Real Estate Protection Act, 12 U.S.C. § 2601, the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961. *Not.* 5:5-14. Defendant's arguments under these federal statutes cannot serve as grounds for removal to federal court. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, No. SA CV 08-414 AHS (RNBx), 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

Next, Defendant alleges that although there is no federal cause of action alleged on the face of Plaintiff's complaint, there is still a basis for removal pursuant to the "complete preemption doctrine." *Not.* 5:20-6:11. Preemption provides a basis for federal question jurisdiction "only when an area of state law has been completely preempted by federal law." *Perez v. Nidek Co. Ltd.*, 657 F. Supp. 2d 1156, 1161 (S.D. Cal. Aug. 31, 2009) (citing *Caterpillar v. Williams*, 482 U.S. 386, 393 (1987)). The scope of complete preemption is extremely limited. *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 585 (9th Cir. 1990). The Supreme Court and the Ninth Circuit have recognized only three areas where complete preemption exists: claims under the Labor Management Relations Act; claims under the Employee Retirement Income Security Act; and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7848 PSG (FMOx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Aurora Loan Services, LLC v. Lillie Tatum | | |

complaints that allege a right to possession of certain Indian tribal lands. *See id.* None of the areas of complete preemption are implicated in this case.

Furthermore, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal establishes that both Defendant and Plaintiff are citizens of this state. Also, from the face of Plaintiff's state civil case cover sheet, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs, as Plaintiff seeks less than $10,000. Thus, diversity jurisdiction is lacking.

Even if the Court were to find that complete diversity existed between the parties and the amount in controversy requirement was met, this action would not be removable to a district court in California. If the Court's basis for subject matter jurisdiction is founded on diversity, an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant's notice of removal states that Defendant is a citizen of California. Thus, this action is not removable to a district court in California.

Defendant requests in the notice of removal that the Court consolidate this unlawful detainer action with a related action for wrongful foreclosure currently pending in the Central District of California. *Not.* 2:2-7. Because the Court lacks subject matter jurisdiction to hear this case, it cannot consolidate this action with the related wrongful foreclosure action. *See Oregon Egg Producers v. Andrew,* 458 F.2d 382, 383 (9th Cir. 1972) (noting that federal courts may only consolidate actions which are properly before the court); s*ee also U.S. Bank Nat'l Ass'n v. Tyler*, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) ("[T]he court must consider whether it has subject matter jurisdiction over the removed unlawful detainer action before it can

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7848 PSG (FMOx) | Date | October 28, 2011 |
|---|---|---|---|
| Title | Aurora Loan Services, LLC v. Lillie Tatum | | |

consider whether the action should be consolidated with the related wrongful foreclosure action.").

    For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

    **IT IS SO ORDERED.**